UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALEN LON COLLINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID BROTHERSON, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00778-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED BECAUSE PLAINTIFF'S COMPLAINT FAILS TO STATE ANY COGNIZABLE FEDERAL CLAIMS AND THE EXERCISE OF JURISDICTION OVER PLAINTIFF'S POTENTIAL STATE LAW CLAIM IS NOT APPROPRIATE, FOR FAILURE TO PROSECUTE, AND FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1 & 6)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.  BACKGROUND**

Kalen Collins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on May 14, 2021. (ECF No. 1). On June 3, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable federal claims. (ECF No. 6). The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wants to stand on his complaint. (Id. at 9). The Court warned Plaintiff that "[f]ailure to comply with this

1

order may result in the dismissal of this action." (Id.).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons described below, the Court will recommend that Plaintiff's case be dismissed because it fails to state any cognizable federal claims and the exercise of jurisdiction over Plaintiff's potential state law claim is not appropriate. The Court will also recommend that Plaintiff's case be dismissed for failure to comply with a court order and failure to prosecute.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a

plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows in his complaint:

On July 24, 2020, while working in the engineering department, Plaintiff was struck in the head/neck area with an industrial size ice machine stand.

Plaintiff was told by his supervisor, defendant Brotherson, "to ride in a trailer sitting on the edge of it facing back end to hold an industrial size ice machine from the level four kitchen back to the shop (313A) to prevent from falling off edges of trailer."  Plaintiff was the only thing securing the ice machine.

"While doing so when [Plaintiff] returned to shop area as an inmate drove golf cart pulling trailer threw [sic] gate the stand was lying on top of golf cart[']s plastic roof top unsecured and struck top of fence causing stand to be thrown off golf cart[']s plastic roof striking [Plaintiff] in the head/neck.

Plaintiff sues his supervisor, David Brotherson; inmate Eli Payne; and the Warden, Ken Clark.  Plaintiff does not specify the claim(s) he is attempting to bring.

### IV.   ANALYSIS OF PLAINTIFF'S COMPLAINT

####   A.   Negligence

Plaintiff appears to be asserting a state law claim for negligence.  "The elements of any negligence cause of action are duty, breach of duty, proximate cause, and damages."  Peredia v. HR Mobile Servs., Inc., 25 Cal. App. 5th 680, 687 (2018) (citing Artiglio v. Corning Inc., 18 Cal. 4th 604, 614 (1998).

As to defendant Brotherson, Plaintiff appears to allege that defendant Brotherson told Plaintiff to sit on the edge of a trailer and hold an industrial size ice machine stand in place. While an inmate was driving the golf cart that was pulling the trailer, the stand struck the top of a fence, causing it to be thrown off the golf cart and to hit Plaintiff in the head/neck.

Although the factual allegations are not clear, it appears that Plaintiff is asserting that his supervisor required him to hold an ice machine stand in a way that was unsafe. These facts could establish that Plaintiff was owed a duty of care by his supervisor, that defendant Brotherson breached that duty by giving him directions that were not safe, and that those directions caused Plaintiff to be injured.

However, as pled, Plaintiff's negligence claim cannot proceed in this court. First, the Court lacks jurisdiction over Plaintiff's state law negligence claim. As discussed below, Plaintiff has failed to state a cognizable federal claim. Thus, the exercise of supplemental jurisdiction over Plaintiff's state law claim is not appropriate. 28 U.S.C. § 1367(c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors ... will point towards declining to exercise jurisdiction over the remaining state-law claims'") (alteration in original) (citation omitted). This claim could be asserted instead in state court.

Second, as to Plaintiff's claims against defendants Brotherson and Clark,[1] Plaintiff has not pled compliance with California's Government Claims Act. California's Government Claims Act[2] requires that a claim against the State[3] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32

---

[1] Plaintiff has not alleged that defendant Payne, who is an inmate, was employed by the State.
[2] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).
[3] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Accordingly, Plaintiff's negligence claim cannot proceed in this court based on the current allegations. Plaintiff may be able to refile the claim in state court, if he can show that he satisfied the Government Claims Act.

### B. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional

harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

\\\

### C. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

It is not clear, but Plaintiff might be alleging that Defendants subjected him to unsafe conditions of confinement. To the extent that he is, Plaintiff fails to state an Eighth

Amendment conditions of confinement claim against any defendant because he has not sufficiently alleged that any defendant knew of and disregarded an excessive risk to his safety.

First, Plaintiff has not sufficiently alleged that the way he was directed to sit on the trailer subjected him to an excessive risk. Second, there are no allegations suggesting that defendant Brotherson knew that this created an excessive risk yet disregarded that risk. For example, Plaintiff has not alleged facts suggesting that defendant Brotherson knew that the terrain was in any way treacherous or that Plaintiff's position on the trailer was so precarious that injury was likely to follow. Even if defendant Brotherson was negligent, mere negligence is not enough to establish liability under the Eighth Amendment. Accordingly, Plaintiff failed to state an Eighth Amendment conditions of confinement against defendant Brotherson.

As to inmate Eli Payne, Plaintiff does not mention defendant Payne in the complaint at all. Moreover, Plaintiff has not sufficiently alleged that defendant Payne, who is a fellow inmate, was acting under color of state law. See, e.g., Jefferson v. Hollingsworth, 2017 WL 3396516, at *3 (S.D. Cal. Aug. 4, 2017) (finding that a plaintiff failed to state a claim against an inmate employed by the Prison Industry Authority because the plaintiff did not sufficiently allege that the inmate acted under color of state law); see also Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) ("When addressing whether a private party acted under color of law, [courts] [] start with the presumption that private conduct does not constitute governmental action."). Finally, even assuming that defendant Payne was the inmate driving the golf cart and that he was acting under color of state law, there are no allegations suggesting that defendant Payne was responsible for Plaintiff being on the vehicle, that defendant Payne's driving subjected Plaintiff to an excessive risk, or that defendant Payne knew of and disregarded an excessive risk to Plaintiff's safety. Even if defendant Payne was negligent, mere negligence is not enough to establish liability under the Eighth Amendment. Thus, Plaintiff failed to state an Eighth Amendment conditions of confinement claim against defendant Payne.

As to the Warden, Ken Clark, there are no allegations linking defendant Clark to the incident alleged in the complaint. Accordingly, Plaintiff failed to state an Eighth Amendment

conditions of confinement against defendant Clark.

## V.     FAILURE TO PROSECUTE AND COMPLY

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id.  Plaintiff has failed to respond to the Court's screening order.  This failure to respond is delaying the case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use.  And given the stage of these proceedings, the preclusion of

evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal is appropriate.

**VI. RECOMMENDATIONS AND ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed because Plaintiff's complaint fails to state any cognizable federal claims and the exercise of jurisdiction over Plaintiff's potential state law claim is not appropriate, for failure to prosecute, and for failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **August 3, 2021**            /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE